IN THE MATTER OF THE ESTATE OF WILLIAM J. KRZAN, DECEASED, ELLA CLARK KRZAN, GUARDIAN *AD LITEM* OF JOSEPH LEONARD KRZAN, AN INFANT, PLAINTIFF-APPELLANT, v. ROSEMARY K. O'CONNOR, EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF WILLIAM J. KRZAN, DECEASED, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 15, 1953—Decided June 25, 1953.

Before Judges Freund, Stanton and Francis.

*Mr. Merritt Lane, Jr.,* argued the cause for the appellant (*Messrs. McCarter, English & Studer,* attorneys).

*Mr. Maurice A. Potter* argued the cause for the respondent (*Mr. Jacob Steinbach, Jr.,* attorney).

The opinion of the court was delivered by

FREUND, S. J. A. D. (temporarily assigned). On May 26, 1950 William J. Krzan executed his last will and testament, in which he named his four children but made no provision for after-born children. About a year later he married Ella Clark Bosley. On August 10, 1951 the testator died, and on March 16, 1952 Joseph Leonard Krzan was born, the son of the testator and Ella Clark Krzan.

The decedent's will, naming his daughter, Rosemary O'Connor, as sole executrix, was probated on August 21, 1952. On November 5, 1952 she filed her first and final accounting, in which the interest of the posthumous child, Joseph Leonard Krzan, was stated. On November 25, 1952 the infant's mother, Ella Clark Krzan, was appointed guardian *ad litem* to represent her son's interest on the accounting. Subsequently she filed her report as guardian and took no exception to the accounting of the executrix. The interest of the infant in the personal estate is less than $2,500.

█ The guardian's attorneys requested an allowance of counsel fees for services performed in the protection of the rights of the infant, Joseph Leonard Krzan, in the sum of $1,000, which allowance was denied, and the guardian appeals. It appears that the guardian *ad litem* retained her attorneys as early as August, 1951, but since the appeal is from the judgment on the accounting entered on February 17, 1953, in which no allowance of counsel fees was made to the attorneys for the guardian, there can be no claim for legal services rendered prior to November 5, 1952, when the account was filed. No appeal is taken from an order of the County Court entered on January 22, 1953, denying an application of the guardian's attorneys for counsel fees from the decedent's estate, which order recites that the services rendered by the attorneys on behalf of the guardian were unnecessary.

█ The appellant argues that an attorney for a guardian *ad litem* of an infant is entitled to a counsel fee in an accounting proceeding in which the infant has an interest.

It is contended that the requirement for a guardian would be meaningless unless the guardian *ad litem* were authorized to employ counsel, but no authority is submitted to support such a contention, nor have we been able to find any. On the contrary, it would appear that proper practice has always been for a guardian *ad litem*, when necessary, to apply to the court for authorization to employ counsel. Where doubtful and difficult questions are involved the court will appoint counsel to represent the guardian or authorize employment, and in such cases counsel is entitled to compensation commensurate with all the factors to be considered in fixing the amount of the allowance. However, the allowance of compensation and its amount are in the discretion of the court and do not rest upon retainer of the attorney by the guardian *ad litem*. *Colgate's Ex'r. v. Colgate*, 23 *N. J. Eq.* 372, 383 (*Ch.* 1873); *Newman v. Shipman*, 15 *N. J. L. J.* 83 (*Cir. Ct.* 1892); *Bunting v. Bunting*, 87 *N. J. Eq.* 20, 27 (*Ch.* 1917). *Peraino v. De Mayo*, 13 *N. J. Misc.* 233 (*C. P.* 1935); *In re Rothenburg*, 136 *N. J. Eq.* 530 (*Ch.* 1945); 7 *N. J. Practice* (*Clapp*), § 956, *n.* 12.

In the instant matter it is undisputed that upon the probate of her husband's will and long before the birth of her son, the guardian *ad litem* retained counsel to represent the interests of her unborn child. No application for employment of counsel was made to any court, either then or after she was appointed guardian *ad litem*. In the accounting proceedings, no doubtful or difficult questions were involved. In fact, the complaint filed by the executrix in no wise disputes the interest of the infant.

Further, although the guardian's attorneys set out in their affidavit of services a study of the executrix's accounting, the guardian *ad litem* in her report states that she herself studied the account, verified the vouchers and other statements. Thus, it is clear that she was able to review the account herself and did not need the assistance of counsel.

Certain it is that the services of the guardian's attorneys contributed nothing to the preservation of the estate or to its administration. In such circumstances, there was no abuse

of discretion by the County Court in not making an allowance of counsel fees.

The appeal of the guardian *ad litem* is dismissed.